IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 2, 2020

## IN RE: AYANNA B.

**Appeal from the Probate & Family Court for Cumberland County
No. 2017-PF-5994   Larry Michael Warner, Judge**

_____

### No. E2020-00227-COA-R3-PT

_____

This case involves a petition to terminate parental rights.  After a trial on the petition, the trial court terminated the parental rights of the biological parents.  In its written order, the trial court failed to make the necessary findings of fact and conclusions of law in accordance with Tennessee Code Annotated section 36-1-113(k).  For the reasons stated herein, we vacate the trial court's order and remand with instructions for the trial court to make appropriate findings of fact and conclusions of law in accordance with Tennessee Code Annotated section 36-1-113.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Vacated and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KRISTI M. DAVIS, J., joined.

Cynthia Fields Davis, Crossville, Tennessee, for the appellant, Brittany B.

Ivy J. Gardner, Crossville, Tennessee, for the appellee, Donovan B.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTS & PROCEDURAL HISTORY

Brittany B.[2] ("Mother") is the biological mother of minor child Ayanna B., who was born in March 2008. The alleged biological father is Phillip B. ("Father"). Father has remained absent throughout this case and did not file a notice of appeal. As a result, on August 13, 2020, this Court entered an order removing Father as a party to this appeal.

On July 1, 2011, the Tennessee Department of Children's Services ("DCS") filed a petition to declare Ayanna dependent and neglected. DCS filed the petition after receiving a referral that alleged Mother had abandoned the child. Prior to DCS filing its petition, Ayanna was cared for by her paternal grandmother; her paternal uncle, Donovan B.; and his girlfriend at the time, Erica N. In September 2011, the juvenile court determined Mother had not maintained contact with DCS and adjudicated Ayanna dependent and neglected. In the juvenile court's order that adjudicated her dependent and neglected, the court stated that the child was to remain in the custody of her paternal grandmother and Donovan B. As part of the juvenile court's order, Mother was granted supervised visitations every Thursday. Over six years transpired before any of the parties took further legal action.

In December 2017, Donovan B. filed a petition to terminate the parental rights of Mother and Father. In his petition, Donovan B. alleged several grounds for termination, including abandonment by both willful failure to support and willful failure to visit, and failure to manifest an ability and willingness to parent. Mother filed an answer to the petition in February 2018, and in April 2018, a guardian ad litem was appointed for Ayanna. The petition was heard before the trial court on January 25, 2019. Several witnesses testified at trial, including Donovan B., Erica N., and Mother.

At the close of proof, the trial court rendered a brief oral ruling. Nearly one year later, on January 21, 2020, the court entered a final written order.[3] The majority of the written order was a summary of what transpired at trial. After listing an abbreviated summary of the trial testimony, the court found Donovan's testimony to be credible. Near the end of the court's order, it made conclusory statements on why Mother and Father's parental rights should be terminated. It found that Mother and Father abandoned Ayanna by willfully failing to visit and by willfully failing to provide support. The trial court also

---

[2] In cases that involve a minor child, this Court's policy is to protect the privacy of the child by using the first name and last initial of the parties involved. *See In re C.W.*, 420 S.W.3d 13, 15 n.1 (Tenn. Ct. App. 2013).

[3] Although it is not clear why the written order was entered nearly one year after the trial court's oral ruling, that issue is not determinative in this appeal. *See* Tenn. Code Ann. § 36-1-113(k) (2017) (stating the trial court *shall* enter its "findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing"); *White v. Moody*, 171 S.W.3d 187, 191-92 (Tenn. Ct. App. 2004) (holding that even if a trial court fails to comply with the timeliness requirement of subsection (k), the case may proceed on appeal if remanding it to the trial court would not promote the just and speedy resolution of the case).

found that the parents willfully failed "to manifest a meaningful relationship with [Ayanna]." Further, the court found that terminating Mother and Father's parental rights was in the best interest of the child. As a result, it terminated their parental rights to Ayanna. Mother timely appealed.

## II.    ISSUE PRESENTED

Although Mother raises several issues, we only find one that is relevant to the disposition of this appeal, which we have slightly reworded:

1. Whether the trial court erred in not making sufficient findings of fact and conclusions of law as required by Tennessee Code Annotated section 36-1-113(k).

For the reasons stated herein, we vacate the trial court's order and remand.

## III.    STANDARDS IN TERMINATION CASES

Tennessee Code Annotated section 36-1-113 "sets forth the grounds and procedures for terminating the parental rights of a biological parent." *In re Kaliyah S.*, 455 S.W.3d 533, 546 (Tenn. 2015). According to section 36-1-113, the petitioner seeking termination of parental rights must prove two elements. *Id.* at 552. First, that party must prove the existence of at least one of the statutory grounds for termination set forth in Tennessee Code Annotated section 36-1-113(g). *Id.* Second, the petitioner must prove that termination of parental rights is in the best interest of the child, considering the best interest factors listed in Tennessee Code Annotated section 36-1-113(i). *Id.*

Because of the constitutional dimension of the parent's rights at stake, the party seeking termination must prove both of the required elements by clear and convincing evidence. Tenn. Code Ann. § 36-1-113(c); *In re Bernard T.*, 319 S.W.3d 586, 596 (Tenn. 2010). To be clear and convincing, the evidence must enable the finder of fact "to form a firm belief or conviction regarding the truth of the facts" sought to be established and eliminate any serious or substantial doubt about the correctness of the findings. *In re Bernard T.*, 319 S.W.3d at 596.

Due to this heightened burden of proof applicable in parental termination cases, we adapt our customary standard of review on appeal. *In re Audrey S.*, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005). Appellate courts review the trial court's factual findings *de novo* in accordance with Tennessee Rule of Appellate Procedure 13(d), presuming each factual finding to be correct unless the evidence preponderates otherwise. *In re Carrington H.*, 483 S.W.3d 507, 524 (Tenn. 2016). Then, we make our own determination regarding "whether the facts, either as found by the trial court or as supported by a preponderance of the evidence, amount to clear and convincing evidence of the elements necessary to

terminate parental rights." *Id.* (citing *In re Bernard T.*, 319 S.W.3d at 596-97). "The trial court's ruling that the evidence sufficiently supports termination of parental rights is a conclusion of law, which appellate courts review *de novo* with no presumption of correctness." *Id.* (citing *In re M.L.P.*, 281 S.W.3d 387, 393 (Tenn. 2009)).

## IV. DISCUSSION

In cases involving a petition to terminate parental rights, trial courts are required to make specific written findings of fact and conclusions of law on every disposition of the petition, regardless of whether they have been requested. *In re B.B.*, No. M2016-00953-COA-R3-PT, 2017 WL 782721, at *5 (Tenn. Ct. App. Feb. 28, 2017). Tennessee Code Annotated section 36-1-113(k) "clearly and unequivocally requires the trial court to make the statutorily required findings and conclusions before granting a petition to terminate parental rights." *In re Angela E.*, 303 S.W.3d 240, 254 (Tenn. 2010); *see also In re Jaylah W.*, 486 S.W.3d 537, 546 (Tenn. Ct. App. 2015). "[G]iven the importance of establishing the permanent placement of a child who is the subject of a termination of parental rights proceeding, the trial court should include in its final order findings of fact and conclusions of law with regard to each ground presented." *In re Angela E.*, 303 S.W.3d at 251 (quoting *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003)). These findings are necessary to "facilitate appellate review and promote just and speedy resolution of appeals." *Id.* (quoting *In re Audrey S.*, 182 S.W.3d at 861). "Without [the appropriate] findings and conclusions, appellate courts are left to wonder on what basis the trial court reached its ultimate decision." *In re S.S.-G.*, No. M2015-00055-COA-R3-PT, 2015 WL 7259499, at *11 (Tenn. Ct. App. Nov. 16, 2015). When a trial court fails to comply with the requirements of section 36-1-113(k), "[we] must remand the case with directions to prepare the required findings of fact and conclusions of law." *Dept. of Children's Servs. v. A.M.H.*, 198 S.W.3d 757, 762 (Tenn. Ct. App. 2006) (citing *In re D.L.B.*, 118 S.W.3d at 367).

In the present case, appellate review of the trial court's final order is not possible because it fails to comply with the requirements of section 36-1-113(k).[4] The findings regarding the evidence presented primarily consist of the court's summary of testimony from three witnesses: the petitioner, Mother, and Erica N., followed by a finding that "Petitioner's testimony is credible and well-taken[.]" As we have previously explained, in parental termination cases, the court "must go beyond mere summation by linking the evidence to its clearly stated findings of fact and conclusions of law." *In re S.S.-G.*, 2015 WL 7259499, at *12. Additionally, a finding by the trial court that a witness is credible does not relieve the court of this obligation. Although this Court affords trial courts

---

[4] The parties agree that counsel for Donovan B. prepared a draft of the final order for the trial court to adopt and sign. A trial court may accept a party-prepared order as long as the order "accurately reflect[s] the decision of the trial court" and "the record [does] not create doubt that the decision represents the trial court's own deliberations and decision." *In re Matthew T.*, No. M2015-00486-COA-R3-PT, 2016 WL 1621076, at *5 (Tenn. Ct. App. Apr. 20, 2016) (quoting *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014)).

considerable deference on issues related to witness credibility, *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014), a trial court cannot simply make a few credibility determinations and summarize testimony without indicating which facts the court relied on to support its decision. *See In re S.S.-G.*, 2015 WL 7259499, at *12. "Rather, it is the trial court's independent findings based on the evidence that are necessary for meaningful appellate review." *Id.* The order goes on to list several unexplained conclusions of law. In reaching these conclusions, the trial court's order appears to merely restate portions of the petition to terminate Mother and Father's parental rights. There are only minor differences from the petition, such as replacing "this Petition" with "this Order." Notably absent from the order are specific facts that the court found and relied upon in forming its conclusions.

The court's obligation to make specific findings also extends to its best interest determination. *See In re B.B.*, 2017 WL 782721, at *5 (stating "the requirements of Tenn. Code Ann. § 36-1-113(k) also apply to the best interest determination"). In this case, rather than considering each statutory factor, the order makes only a broad conclusion that terminating Mother and Father's parental rights is in the best interest of the child. The order simply states: "Termination of Respondents' parental rights is in the best interests of the minor child by giving her stability and removes the stigma of being a foster child to being a child[,]" and then concludes that termination was in the child's best interest. Donovan B. argues that the order includes numerous statements that the court relied on in making a best interest determination. However, the order does not explain or include specific facts that detail how it made its best interest determination. Regardless, the order clearly indicates that the trial court did not consider each best interest factor, despite the requirement that courts "must consider all of the statutory factors" when it makes a best interest determination. *See In re Gabriella D.*, 531 S.W.3d 662, 682 (Tenn. 2017). "[T]he best interests analysis is and must remain *a factually intensive undertaking*, so as to ensure that every parent receives individualized consideration before fundamental parental rights are terminated." *Id.* (emphasis added).

For the reasons stated, this Court is unable to conduct a meaningful review of any portion of the trial court's order. In the absence of a written order that makes sufficient findings of fact and conclusions of law, we *must* vacate the trial court's order and remand the case for the trial court to properly state its findings of facts and conclusions of law. *See In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009); *A.M.H.*, 198 S.W.3d at 762. We are aware that "our decision will unfortunately prolong the uncertainty for [Ayanna] and parties; however, the termination statute and the constitutional implications require remand." *In re B.B.*, 2017 WL 782721, at *5 (quoting *In re Kadean T.*, No. M2013-02684-COA-R3-PT, 2014 WL 5511984, *11 (Tenn. Ct. App. Oct. 31, 2014)). Due to the remand, we need not reach the remaining issues related to the substance of the trial court's decision. Those issues are pretermitted.

## V.     CONCLUSION

For the reasons stated herein, we vacate the trial court's order terminating Mother's parental rights. We remand with instructions for the trial court to make specific findings of fact and conclusions of law as to both grounds for termination of parental rights and, if necessary, the best interest of the child in accordance with Tennessee Code Annotated section 36-1-113(k). Costs of this appeal are taxed equally to appellant, Brittany B., and appellee, Donovan B., for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE